United States District Court
Southern District of Texas
**ENTERED**
April 17, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANDREW CHRISTOPHER BURKE, § <br> a/k/a ANDREW BURKE, # P00242515, § <br> § <br> *Petitioner*, § <br> § <br> v. § <br> § <br> SHERIFF ERIC FAGAN, § <br> § <br> *Respondent*. § | Civil Action No. H-23-0993 |

## MEMORANDUM OPINION AND ORDER

Petitioner, a Fort Bend County pretrial detainee, filed a *pro se* habeas petition under 28 U.S.C. § 2241 seeking to reduce his $375,000.00 pretrial bonds to personal recognizance bonds.

Having considered the petition, matters of public court record, and the applicable law, the Court **DISMISSES** this case for the reasons shown below.

### I. BACKGROUND AND CLAIMS

Public online records for the Fort Bend County District Clerk's Office show that petitioner is awaiting trial under three felony indictments for aggravated assault with a deadly weapon, assault on a public servant, and solicitation to commit capital murder. He claims that his pretrial bonds currently total $375,000.00, having been "quadrupled" following violations of his original bonds. *See Burke v. Becerra*, C.A. No. H-22-3329 (S.D. Tex.) ("More Definite Statement").

Petitioner challenges his pretrial bonds as excessive, and requests as judicial relief that the bonds be reduced to personal recognizance bonds for his immediate release from pretrial detention. Because granting the requested relief would result in petitioner's release or accelerated release from pretrial detention, the Court has construed his challenges to the pretrial bonds as habeas claims arising under section 2241.

## II. HABEAS CLAIMS

Section 2241 is the proper vehicle for seeking habeas relief from pretrial detention. *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). To proceed under section 2241, a petitioner must be in custody and must have exhausted his available state remedies. *Dickerson*, 816 F.2d at 224. Exhaustion may be excused only in those rare cases where the petitioner can show exceptional circumstances of such peculiar urgency that they impinge upon his due process rights and immediate federal court interference is mandated. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

Exhaustion requires that a petitioner present his claims in a procedurally correct manner to the highest court of criminal jurisdiction in his state. *Id.*; *see also Hinojosa v. Horn*, 896 F.3d 305, 314 (5th Cir. 2018). In Texas, a state prisoner must present his habeas claims to the Texas Court of Criminal Appeal before seeking relief in the federal district courts. *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an

applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal habeas petition that contains unexhausted grounds for relief. *See, e.g., Rose v. Lundy*, 455 U.S. 509, 510 (1982).

Here, public online records for the Texas Court of Criminal Appeals show that petitioner has not filed an application for state habeas relief with the state courts under Texas Code of Criminal Procedure § 11.08, and he has not presented his habeas claims to that court. No exceptional circumstances of peculiar urgency are alleged or appear within the record. Thus, petitioner has not exhausted his state court habeas remedies and he is not entitled to federal habeas relief under section 2241.

Petitioner's habeas claims are **DISMISSED WITHOUT PREJUDICE** for his failure to exhaust.

### III. CIVIL CLAIMS

Given a liberal construction, one or more of petitioner's allegations can be construed as raising civil rights claims challenging his conditions of confinement. These claims arise under 42 U.S.C. § 1983 and cannot be joined with petitioner's habeas claims.

Petitioner's civil rights claims are **DISMISSED WITHOUT PREJUDICE** to his seeking relief in a separately-filed lawsuit filed under section 1983, subject to his limitations as a three-strikes inmate under 28 U.S.C. § 1915(g).

### IV. CONCLUSION

For the above reasons, petitioner's habeas claims are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust. Petitioner's civil rights claims are **DISMISSED WITHOUT PREJUDICE** subject to being pursued in a new civil lawsuit. Any and all pending motions are **DENIED**.

A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on APR 1 7 2023.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE